STONER, TREASURER, *v.* BITTERS, RECEIVER.

[No. 18,584.  Filed December 15, 1898.]

RECEIVERS.—*Payment of Taxes.*—Section 6436, Horner's R. S. 1897, was intended as a short and simple method of enforcing the payment of taxes on property in *custodia legis*, and where such property had been sold by order of court subject to all liens it would be a very rigid construction against the officer to require him to bear the penalty.

From the Fulton Circuit Court. *Affirmed.*

*George W. Holman* and *Rome C. Stephenson,* **for** appellant.

*Isaiah Conner* and *Julius Rowley,* for appellee.

HACKNEY, J.—The appellant, treasurer of Fulton county, filed his petition in the circuit court, under section 6436, Horner's R. S. 1897, to require the appellee, as receiver of the Rochester Shoe Company, to show cause why he should not pay the taxes delin-

quent upon the property of said company. In answering a rule of the court, issued upon said petition, the receiver showed as cause for his nonpayment of taxes that prior to the filing of the petition, and upon the order and approval of the court, he had sold the property of said company consisting of real estate, and that the purchaser had taken the same, subject to the taxes due thereon, and was liable therefor.

The sufficiency of this answer raises the only question for decision. The statute, *supra*, provides that it shall be the duty of the receiver of any corporation to pay the taxes due upon its property, and where he neglects to do so, the county treasurer shall file in the court, making the appointment, a brief statement showing the delinquency, and the court shall thereupon issue an order directing the receiver to show cause why such taxes, with penalty, etc., should not be paid and, upon his failing to show good and sufficient cause the court shall order him to pay the same.

The appellant insists that the answer did not show good and sufficient cause under this statute. The statute was intended to secure a short and simple method of enforcing the taxes due upon property in *custodia legis*, and to enable the court in whose custody the property should be held, not only to judge with considerable discretion as to what should constitute "good and sufficient cause" for the failure of its officer, but to punish a failure, without such cause, by denying a credit for the sum which might be ordered paid.

The conduct of the officer, the welfare of the trust estate, and the interest of the public, within this statute, are to be judged by the court, under the undefined provision "good and sufficient cause," but with a degree of strictness in favor of the officer, since an insufficient cause for nonpayment requires the offi-

cer to suffer, personally and upon his bond, a penalty to the extent of the delinquency. The sale having been made, under the direction and approval of the court, subject to liens, and the liability of the trust having been thereby transferred to the purchaser, the property at all times standing as indemnity for the tax, it would seem to be a very rigid construction against the officer to require him to bear the penalty. In our opinion the lower court did not err in holding the answer to the rule as showing "good and sufficient cause." The judgment is affirmed.